# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SNF PROPERTY, LLC<br>d/b/a Sun N Fun RV Resort<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DONALD SEOANE A/K/A DONNY LONG AND NANTITA SEOANE A/K/A NAN SEOANE<br><br>　　　　Defendants. | Case No. _____<br><br><br>**NOTICE OF REMOVAL** |

**TO:　THE CLERK OF THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

PLEASE TAKE NOTICE THAT Defendants Donald Seoane and Nanita Seoane ("Defendants") hereby remove to this Court the state court action described below. Defendant gives notice that this action is removed to the United States District Court for the Middle District of Florida from the Twelfth Judicial District Court for Sarasota County, Florida. The bases for removal are federal-question jurisdiction under 28 U.S.C. § 1331, and copyright and unfair competition jurisdiction under 28 U.S.C. § 1338.

## BACKGROUND

1.　Plaintiff SNF Property, LLC ("SNF") filed this action on August 11, 2020 in the Twelfth Judicial District Court for Sarasota County, Florida, Case No. 2020-CA-003325 (the "State Court Action"). A true and correct copy of the operative Complaint is attached hereto as **Exhibit A**.

2.　Since copyright infringement is exclusively a federal issue, this case must be brought in federal court.

## STATUTORY REQUIREMENTS

### Removal is Proper Pursuant to 28 U.S.C. §§ 1454 and 1441

3.  Federal-question jurisdiction covers state-law claims that implicate significant federal issues. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Federal courts have exclusive jurisdiction over copyright claims. 28 U.S.C. § 1338 ("No [s]tate court shall have jurisdiction over any claims for relief arising under any [a]ct of Congress relating to patents, plant variety protection, or copyrights.").

4.  This Court has original jurisdiction over "any civil action arising under any Act of Congress relating to ... copyrights ..." 28 U.S.C. §1338(a). This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the other state claims, because the claims are so related to the federal claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

5.  The state court is not legally competent to hear this case, as copyright claims are exclusively federal in nature. There must be uniform enforcement of copyright law, nationwide, without state or local particularities coming into play. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 858 (5th Cir. 1979) (recognizing "uniform national standards of the copyright system"); *Jartech, Inc. v. Clancy*, 666 F.2d 403, 406 (9th Cir. 1982) (adopting *Mitchell Bros.* reasoning).

6.  Claims pled under state law, but which are preempted by the Copyright Act, arise under the Copyright Act, and that removal of such claims to federal court is therefore not only appropriate, but mandatory, as federal courts have exclusive jurisdiction over copyright claims. *See, e.g., Laws v. Sony Music Entm't, Inc.,* 448 F.3d 1134, 1146 (9th Cir. 2006) (upholding complete preemption of state right of publicity claim under the Copyright Act); *NTD Architects v. Baker*, 2012 U.S. Dist. LEXIS 89160, 16-17 (S.D. Cal. June 27, 2012; *Bierman v. Toshiba America Info. Sys. Inc.*, 473 Fed. Appx. 756, 758 (9th Cir. 2012) (unpublished concurrence); *Rosciszewski v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005); *Briarpatch Ltd., L.P. v Pheonix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *Ritchie v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005).

7. As Congress made clear when passing the 1976 Copyright Act, "section 301 is intended to be stated in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively, and to avoid the development of any vague borderline areas between State and Federal protection." H.R.Rep. No. 1476, 94th Cong., 2d Sess. 130 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5746"

8. The Court has identified one of the claims as arising under 17 U.S.C. § 512. *See* ORDER.

9. Moreover, Paragraph 39 of the Complaint specifically invokes claims of intellectual property infringement in pursuit of their claim for relief.

10. Paragraph 13 of the Motion for Temporary Injunction expounds on those intellectual property claims, qualifying that they are raised under federal copyright law, federal trademark law, and the federal Digital Millennium Copyright Act.

## PROCEDURAL REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed subject to Rule 11.

12. Pursuant to 28 U.S.C. § 1446(a), Defendant files this notice of removal in the United States District Court for the Middle District of Florida, which is the federal district court embracing the Twelfth Judicial District Court for Sarasota County, Florida where SNF brought the State Court Action.

13. This action was filed on 11, 2020 . *Id.* at ¶ 4. Removal is therefore timely. *See* 28 U.S.C. § 1446(b)(2)(3).

14. However, given that copyright claims are exclusively federal, even if it was untimely, removal would be not only proper, but mandatory.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve on Plaintiff and file with this Court a Notice to Plaintiffs of Removal to Federal Court, informing Plaintiff that this matter has been removed to federal court.

## CONCLUSION

WHEREFORE, this action should proceed in the United States District Court for the Middle District of Florida, as an action properly removed thereto.

Dated: August 14, 2020.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, FL Bar No. 625566
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Tel: 702-420-2001
ecf@randazza.com

*Attorney for Defendants*
*Donald Seoane and Nantita Seoane*

Case No. _____

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14, 2020, I served a true and correct copy of the foregoing document via electronic mail and U.S. Mail to the attorneys listed below:

Brian C. Chase
Jessica Skoglund Mazariego
ATLAS LAW
3902 N. Marguerite Street
Tampa, FL 33603
brian@atlaslaw.com
jsm@atlaslaw.com

Attorneys for Plaintiff

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza