UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SNF PROPERTY, LLC,
doing business as
SUN N FUN RV RESORT,

    Plaintiff,

v.                                                Case No. 8:20-cv-1896-T-60AAS

DONALD SEOANE and
NANTITA SEOANE,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

This matter is before the Court on "Plaintiff's Motion to Remand" filed September 22, 2020. (Doc. 16). Defendant Donald Seoane filed his *pro se* response in opposition on October 6, 2020.[1] (Doc. 19). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**

This matter arises out of a confrontation between Plaintiff SNF Property, LLC ("SNF"), owner of Sun N Fun RV Resort ("Sun N Fun"), a recreational vehicle park in Sarasota, Florida, and Defendants Donald and Nantita Seoane, tenants at the park. SNF informed Defendants that they were forbidden from parking their boat on the grass at Sun N Fun, and requested Defendants store their boat elsewhere. Defendants allegedly responded to this request by unleashing a torrent of false and malicious accusations online

---

[1] Defendant Nantita Sansone did not sign the response in opposition or file her own. *See* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").

Page 1 of 5

against SNF, Sun N Fun, employees from both organizations, lawyers representing SNF, and fellow tenants at the park. Specifically, Donald Seoane allegedly created a fake Facebook profile in his wife's name (because he was purportedly banned from Facebook for similar past behavior), two additional Facebook groups, at least 50 web pages, and hundreds of posts and comments aimed at defaming, harassing, and threatening those affiliated with Sun N Fun. Defendants allegedly used these online platforms to accuse their targets of heinous acts, including racism, pedophilia, and rape. (Doc. 16 at 5-6). SNF filed its complaint in state court bringing claims against Defendants for tortious interference and defamation under state law, and requesting injunctive relief pursuant to Fla. R. Civ. P. 1.610(a)(1)) and § 784.0485(1), *F.S.* SNF also filed a separate motion for a temporary injunction under these statutes pursuant to Fla. R. Civ. P 1.610(a)(1), in which it also accused Defendants of violating the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512).

The state court set an evidentiary hearing on the motion for temporary injunction to "consider the following claims as the basis for a temporary injunction: (1) tortious interference, (2) defamation, and (3) a violation of 17 U.S.C. § 512." (Doc. 16-1 at 2). Defendants then removed the case to this Court on the ground that federal question jurisdiction exists over the copyright issue.

## Legal Standard

When a civil action is originally brought in state court, a defendant may remove the action when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "Where there is no diversity of citizenship between the parties, as in this case, the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of United States district courts under 28 U.S.C. § 1331." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 43 U.S. 1, 2 (1983). This statute

grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

## Analysis

SNF argues this matter should be remanded to state court because it brings claims solely under Florida law that do not require the determination of any federal question. Donald Seoane disagrees, arguing this Court should instead retain jurisdiction of the dispute because SNF's motion to remand was untimely, and its request for injunctive relief invokes questions of federal copyright law.

While Donald Seoane correctly points out that SNF's motion was filed more than 30 days after the matter was removed, it is nevertheless timely because it seeks to remand for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing the notice of removal...."). Furthermore, this Court has an affirmative obligation to evaluate its subject matter jurisdiction over disputes, regardless when those issues arise. *See Arbaugh v. T&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter exists....").

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 489 U.S. 386, 392 (1987) (internal quotation omitted). Here, SNF's

complaint lists causes of action only under state law, does not make any claims under federal law, and does not even mention the DMCA. While the state court motion for injunctive relief alleges that Defendants violated the DMCA by misusing SNF's copyrighted images, it appears to do so merely to illustrate the severity of Defendants' conduct to show why injunctive relief is warranted, not to state a separate claim for relief.

The well-pleaded complaint rule also requires the federal question presented be substantial and important "to the federal system as a whole." *Gunn v. Minton*, 578 U.S. 251, 255 (2013). To the extent that SNF's request for injunctive relief references the DMCA, "such 'fact-bound and situation-specific' effects are not sufficient to establish arising under jurisdiction." *See id.* at 263 (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 681 (2006)). Accordingly, given the absence of a federal claim on the face of the complaint, and of a substantial federal question in the state court motion for injunctive relief, the motion to remand is due to be granted.

SNF also argues it is entitled to the attorney's fees and costs associated with Donald Seoane's removal and this motion to remand under 28 U.S.C. § 1447(c). Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts may award attorney's fees as part of a remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While removal was inappropriate here, leniency must be given to parties proceeding *pro se*. *See Bolden v. Odum*, 695 F.2d 549, 550 (11th Cir. 1983). Furthermore, nothing suggests that Donald Seoane removed this case for improper purposes, such as to delay litigation. Therefore, an award of attorney's fees is not warranted under § 1447(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  "Plaintiff's Motion to Remand to State Court" (Doc. 16) is hereby **GRANTED**.

(2)  Plaintiff's request for attorney's fees and costs is **DENIED**.

(3)  This action is **REMANDED** to state court.  Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of October, 2020.

*/s/ Tom P. Barber*

**TOM BARBER**
**UNITED STATES DISTRICT**
**JUDGE**